UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORI B. CLOAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV890JCH(MLM) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's Motion to Reverse and Remand pursuant to 42 U.S.C. § 405(g), sentence four. [Doc. 13] This case was referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b). [Doc. 5]

The issue in this case is whether plaintiff is entitled to disability insurance benefits and supplemental security income benefits under the Social Security Act. After careful review of the above-captioned case, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim.

Upon receipt of the court's remand order, the Appeals Council will remand this case to the Administrative Law Judge (ALJ) with directions to further consider plaintiff's ability to perform other work in the economy at step 5 of the sequential

evaluation process. Specifically, the ALJ will be directed to obtain vocational expert testimony to determine the effect of plaintiff's mental limitations on the occupational base of sedentary work.

Remand by this court is appropriate under 42 U.S.C. § 405(g) which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for rehearing.

Remand would expedite administrative review, insure that the Commissioner properly considers plaintiff's claim and could make judicial review unnecessary.

Pursuant to the Supreme Court's decision in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), the court should enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Pursuant to <u>Brown v. Barnhart</u>, 282 F.3d 580 (8th Cir. 2002), it is critical that the court specifically include in its order that it is "reversing and remanding" the case. In <u>Brown</u>, the Eighth Circuit noted that in the absence of an order which includes "affirm, modify, or reverse" there "is no statutory 'power' to remand pursuant to sentence four." <u>Id.</u> at 581.

Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the thirty-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act (EAJA).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Reverse and Remand be **GRANTED**. [Doc. 13]

**IT IS FURTHER RECOMMENDED** that a final judgment be entered reversing and remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER RECOMMENDED** that a final judgment be entered in order to begin the appeals period which determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act (EAJA).

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   3rd    day of August, 2011.